No. 17,333.

PIONEER MUTUAL COMPENSATION COMPANY *v.*
VERNON CASUALTY INSURANCE COMPANY ET AL.
(273 P. [2d] 888)

Decided August 30, 1954.

Mr. GEORGE F. HARSH, Mr. JACK W. HOSFORD, for plaintiff in error.

Mr. MYRON H. BURNETT, for defendant in error Vernon Casualty Insurance Company.

Messrs. FRAZIN & FRAZIN, for defendant in error Roxie Johns.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

DEFENDANT in error Roxie Johns filed an action in the district court on the 2nd day of October 1952 against plaintiff in error Pioneer Mutual Compensation Company and defendant in error Vernon Casualty Insurance Company, to recover under policies held by him in both companies as insurance coverage on a 1948 Trailmobile and a 1950 tractor, which were damaged in an upset in Louisiana on January 18, 1952. The case was tried to the court without a jury and judgment was entered against both insurance companies in plaintiff's favor for the amount prayed for in his complaint. Reversal of the judgment is sought by Pioneer Company, plaintiff in error, and the Vernon Company and Johns appearing as defendants in error.

Johns owned two similar tractor-semi-trailer outfits.

The one damaged in the accident was covered against loss by policies issued by Vernon Company, one on the trailer and one on the tractor, and these policies were effective from August 13, 1951 to February 13, 1952. Johns had another policy with the Pioneer Company supposedly on the other trailer outfit not involved in the upset; however, through a scrivener's error, the policy with Pioneer covered the identical trailer outfit insured by the Vernon Company and involved in the accident.

One O. R. Osmundson, an insurance agent, issued the policies in both companies and it is clearly shown by the record that when Johns applied for insurance on the second outfit with Pioneer, both he and Osmundson understood and agreed that the insurance was to be placed on the outfit not covered by the Vernon Company. The second outfit intended to be insured with Pioneer was a 1951 G.M.C. tractor and 1950 Trailmobile semi-trailer, while the outfit involved in the accident and insured by Vernon Company was a 1950 tractor and a 1948 Trailmobile.

When the Pioneer policy was delivered to the agent Osmundson on January 10, 1952, he discovered the mistake in the description of the property to be insured; called Pioneer and told them about it and ordered that the mistake be rectified; but the policy as written, covering the wrong property, was delivered to plaintiff and the accident occurred on January 18 following. When the accident occurred, plaintiff states that he then opened his mail containing the Pioneer policy, and for the first time read it and discovered that he had double coverage on the damaged outfit described in all three of the policies. He immediately returned the Pioneer policy to Osmundson. On the following Monday, one Magnuson, representing Pioneer Company, went to see plaintiff; arranged for a settlement on the trailer; authorized repairs to be made to the tractor; and on behalf of Pioneer agreed to pay the entire loss of plaintiff and have draft issued covering the settlement on both trailer

and tractor. In about a week's time the tractor was repaired and the trailer was traded off by plaintiff in reliance upon Magnuson's agreement to settle on behalf of Pioneer; however, the settlement was not made, and in June of 1953, Pioneer notified Johns and the Trailmobile company, with whom he had traded, that Pioneer would not pay in accordance with Magnuson's agreement. The Vernon Company had been notified of the accident by its agent Osmundson, on the same day that Johns had reported the matter to him.

All that was done by Pioneer in arranging for the settlement with plaintiff was with the knowledge of the wrong description in the policy; because it had been notified by its agent on January 10, 1952 of the error. Pioneer, after making the investigation and agreeing to the cash settlement for the wreck, mailed a notice of cancellation of its policy to plaintiff, dated January 21, 1952, effective as of January 28, 1952, and billed plaintiff for a premium due on the policy from January 1, 1952 to January 28, 1952, which was paid in full by plaintiff to Pioneer, which retained the premium.

The Vernon Company, after notice of the accident, was slow in starting an investigation to determine its liability under the policies properly and regularly issued by it, and by the time its investigation got underway, the tractor had been repaired and the trailer had passed out of the possession of plaintiff. It requested plaintiff to produce or let them investigate the damage to the outfit, but compliance with this request was then impossible. It quite clearly appears from the record that Pioneer, in making its hurried adjustment for a loss on the property knew it was not to be covered by its policy, did so without requiring a proof of loss in connection with the claim or making any inquiry as to whether or not the outfit on which it was paying such claim was insured in any other company. Long afterward—nearly a year and a half—when Johns realized that Pioneer was not going to pay according to the agreement upon which he had relied,

he filed the present action against both insurance companies.

The Vernon Company answered, alleging that, under the circumstances, it denied liability, because of Johns' failure to comply with the terms of the insurance policy concerning the requirements connected with any loss that would occur and his failure to file proof of loss within sixty days after the occurrence, which would have disclosed the amounts of other insurance covering the property; and his failure to exhibit the damaged property on request; further that if the loss occurred as alleged in the complaint when there was other insurance, and if the Vernon Company would be liable, it was liable only in accordance with the provision of its policy for a portion of the loss; and alleged that the Pioneer Company, in adjusting the loss, became liable to plaintiff for the amount it had agreed to pay on behalf of plaintiff.

Pioneer answered, denying that there was any valid contract of insurance existing between Johns and the Pioneer Company covering a 1950 tractor and a 1948 Trailmobile, as alleged in the complaint; and alleged that a valid contract of insurance did exist between Pioneer and plaintiff Johns covering the other outfit, being a 1951 tractor and a 1950 trailer. It admitted that Osmundson was the duly authorized agent of both defendant insurance companies; admits that he notified the Vernon Company; admits that it refused to pay for the damages as proposed by Magnuson, its adjuster; for a second defense, and equitable counterclaim sets up the error in the description of the property agreed upon to be insured; and prayed for a reformation of the policy to conform with the express intent of the parties.

The summary of argument of counsel for Pioneer, plaintiff in error, is to the effect that the sole question involved is: Which of the two companies, or both, is liable to pay the judgment obtained by Johns in the court below? They vigorously contend that a scrivener's

error affords ground for a reformation of the contract when the error does not express the understanding of the parties; and that the error is not reducing the oral agreement to a written contract was one of mutual mistake between Johns and Pioneer, or a mistake on the part of Pioneer; and also inequitable conduct on the part of Johns, the plaintiff.

The summary of argument on the part of the Vernon Company is to the effect that the judgment should be reversed and the cause remanded with direction to enter judgment in favor of the Vernon Company on plaintiff's complaint and in favor of plaintiff against the Pioneer Company; because the Pioneer policy, as written, covered the damaged equipment, and by adjusting the loss and agreeing to pay the loss after knowledge of the alleged mistake in the policy, defendant Pioneer ratified the policy as written and waived all right of reformation of the policy; also, plaintiff sold the damaged trailer and repaired the tractor, and was unable to comply, and failed to comply, with the terms of the Vernon Company's policies; and in addition, Pioneer, in settling and agreeing to pay plaintiff's loss, waived its right to prorate the loss with the Vernon Company.

Counsel for defendant in error Johns summarizes their argument to the end that no demand for correction of Pioneer's policy was made by it for over a year after it had knowledge of the scrivener's error, and by this negligence it lost its right to reformation; further, that Pioneer, with full knowledge of the error, billed and accepted a premium in full payment of its policy from January 1, 1952 to January 28, 1952 and thereby affirmed and ratified its policy of insurance; that it acquiesced in the policy by affirmance and ratification and it cannot now successfully seek reformation; and finally, that with full knowledge, it cannot take advantage of its own fault, and it thereby has defeated any right to reformation.

██ Pioneer issued a perfectly valid policy which, on its face, insured the equipment which was damaged

and for which the loss is claimed. Had the loss occurred before Pioneer had knowledge of the error in the issuance of its policy there might be some semblance of a reason for its seeking relief by having the policy reformed to comply with the agreement between it and the insured at the time of the application for the insurance, to the end that the insurance was to cover an entirely different unit than that described in the policy. However, it had notice from its agent immediately upon the issuance of the policy that the error had been made, and the agent ordered a correction, which Pioneer failed to make, but either negligently, carelessly or willfully stood upon the contract of insurance as written and foreclosed itself by attempting to adjust the claim for loss and making the promise of payment which was relied upon by the insured to his ultimate injury; and finally, never sought a reformation of the contract until it eventually repudiated its agreement to pay and was sued a year and more afterwards. In addition to this, on January 21, immediately after the accident and the investigation and promise of settlement, it cancelled its policy and billed the insured for the premium covering the dates from January 1, 1952 to January 28, 1952, which was paid by the insured and retained by Pioneer. By this performance, it again acquiesced in the mistake of which it had knowledge, and lost its right to a reformation. With all this knowledge, Pioneer was guilty of such culpable negligence that equity will not extend its aid. The policy as originally written and without any correction as ordered, was placed in full force and effect from January 1, 1952 to midnight January 28, 1952, by billing and collecting a full premium therefor. The Company knew the policy covered the property involved in the accident and it cannot now, in good conscience, seek to escape its liability due solely to its own negligence and laxity.

It cannot successfully be said in this case that the agent's knowledge of the mistake was not imputed to

Pioneer, because the agent notified Pioneer of the error on January 10, prior to the accident on January 18.

■■ The usual and reasonable provisions of such insurance policies are to be found in the policies here involved and those provisions are for the purpose of making it possible for the insurer to adjust and determine the amount and extent of the loss. Johns, the insured, by knowing and not revealing that he had double insurance, dealt with Pioneer immediately following the accident in such a manner that he waived his right to claim against the Vernon Company in that he failed to comply with the provisions of the policy about having other insurance and placing the property beyond the reach of Vernon for its inspection, and failing to make his claim within the time provided. On the proration question, both policies contain the same provision and require the insured to disclose all insurance carried by filing a sworn statement of the other insurance in a proof of loss. Pioneer never requested proof or statement from the insured concerning any information as to other coverage. When it proceeded to adjust the loss in recognition of its liability under the policy, it waived its right to enforce the prorating provision of its contract with the other insurance company.

■ Finally, the guilty knowledge of both Pioneer and the insured in cooperating in the case of double insurance without notice to the other company here involved relieves the Vernon Company of liability under its policy and fixes the liability squarely upon the Pioneer Company which ratified a policy issued by it and of which, insured sought to take advantage, however, to his injury and loss.

The judgment is affirmed in part and reversed in part and the cause remanded with direction to enter judgment in favor of the Vernon Casualty Insurance Company on plaintiff's complaint and in favor of plaintiff against Pioneer Mutual Compensation Company for the loss that Pioneer agreed to pay.